[3F0180] [Order as to Preparation]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                  Case No. 3:13–bk–04838–JAF
                                                                        Chapter 13

Lee Hunter Thomas
Virginia R. Thomas

_____Debtor(s)_____/

Virginia R. Thomas


_____Plaintiff(s)_____
vs.                                                                     Adv. Pro. No. 3:13–ap–00461–JAF
AT&T Corp.


_____Defendant(s)_____/

ORDER AS TO PREPARATION, SERVICE, AND RETURN OF PROCESS AND ESTABLISHING MOTION HEARING PROCEDURES

   THIS adversary proceeding before the court for consideration requires swift and efficient prosecution. It is, therefore,

   ORDERED as follows:

   1. Counsel shall prepare all process and present it to the clerk for certification.

   2. The Plaintiff shall serve any summons issued by the clerk within the fourteen (14) day period required by Fed. R. B. P. 7004(e). Notwithstanding the provisions of Fed. R. Civ. P. 4(m), the Plaintiff shall effect service of process on all defendants and file returns of service on or before 60 days from the date the complaint was filed, failing which the proceeding shall be subject to dismissal for lack of prosecution.

   3. When service of process has been effected but no appearance or response is made within the time and manner provided by Fed. R. B. P. 7012, the party effecting service shall promptly apply to the clerk for entry of a default and shall then proceed without delay to move for a judgment by default, all pursuant to Fed. R. B. P. 7055, failing which the proceeding shall be subject to dismissal 60 days after such service.

   4. Any motion for an extension of time to effect service or to apply for the entry of default and judgment by default shall be filed before the expiration of the 60–day period and shall state good cause for such relief.

   5. All written motions filed in this proceeding (including motions for summary judgment, but excluding motions to withdraw the reference as to which Local Rule 5011–1 applies) will be heard and determined on the papers and without hearing or oral argument unless specifically ordered by the Court.

Accordingly:

      a. All motions shall include or be accompanied by a legal memorandum or brief containing argument and citations of authorities.

    b. No later than fourteen(14) days from the date of service of a motion, each party opposing the motion shall file and serve a legal memorandum or brief containing argument and citations of authorities in opposition to the relief requested. In the event no such response is filed, the court may deem the motion as unopposed and thereby consented. The parties should not expect the Court to conduct a hearing prior to ruling on any pending motions.

    c. No later than seven(7) days from the date of service of the opposing legal memorandum, the movant may file and serve a reply legal memorandum or brief, if desired.

    d. Upon the completion of this schedule, the motion will be at issue, under advisement, and ready for decision by the court.

    e. Motions of any emergency nature may be considered and determined by the court at any time in its discretion.

    f. When a proceeding is removed to this court with pending motions on which briefs or legal memoranda have not been submitted, the moving party shall file and serve a supporting brief within fourteen(14) days after the removal. The party or parties opposing the motion shall then comply with subparagraph (b) above within fourteen(14) days of the date of service of the movant's brief, and the motion hearing procedure set forth in this paragraph shall then otherwise apply.

    g. With regard to consideration and hearing of applications for temporary restraining order and motions for preliminary injunction, the parties shall comply with the provisions of Rules 4.05 and 4.06 of the Local Rules of the United States District Court for the Middle District of Florida. In addition to addressing the traditional standards for preliminary injunctive relief that are stated in the district court's local rules, the parties may also be required to address the modified version of these traditional standards employed by bankruptcy courts as stated in cases such as Otero Mills, Inc. v. Security Bank & Trust, 25 Bankr. 1018, 1021 (D. N.M. 1982), as the facts may dictate.

    6. The Plaintiff shall include a copy of this order with the summons and complaint to be served upon each defendant or otherwise serve a copy upon each defendant in accordance with the provision of Fed. R. B. P. 7005 and shall promptly file a certificate of such service or include the certificate in the returns of service of the summons and complaint. If additional parties are joined in the future, the Plaintiff shall serve a copy of this order on such additional parties and certify such service at the time they are added. If this proceeding is removed to this court pursuant to 28 U.S.C. § 1452, the removing party shall have the duty imposed in this paragraph 6 to serve copies of this order on the other parties.

    7. Pursuant to Fed. R. B. P. 7026, Fed. R. Civ. P. 26(f), and Local Rule 7026–1, a status conference shall be held by the Court as soon as is practicable to allow the parties to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement of the case, to make or arrange for mandatory disclosure as provided for in Fed. R. Civ. P. 26(a), and to present the proposed discovery plan. The proposed discovery plan need not be in writing or filed with the Court unless otherwise ordered by the Court. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging and being present or represented at the status conference and for attempting in good faith to agree on the proposed discovery plan. Pursuant to Fed. R. Civ. P. 26(d), no discovery may be sought before the status conference is held.

    DATED on September 30, 2013

_____
Jerry A. Funk
United States Bankruptcy Judge