**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:
**LEE HUNTER THOMAS**                    **BANKRUPTCY**
**VIRGINIA R. THOMAS**                    **CASE NO.: 3:13-BK-04838**

　　　**Debtor.**                            **CHAPTER 13**
_____/

**VIRGINIA R. THOMAS**

　　　**Plaintiff,**

　　　　　　　　　　　　　　　　　　　**ADVERSARY**
**v.**                                        **PROCEEDING**
                                              **NO.: 3:13-ap-00461**

**AT&T CORP.**

　　　**Defendants.**
_____/

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF JURISDICTION AND MEMORANDUM OF LAW**

COMES NOW, Defendant BellSouth Telecommunications, Inc., incorrectly named AT&T Corp., in the Complaint ("Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1), and hereby files this, Defendant's Motion to Dismiss for Lack of Jurisdiction and Memorandum of Law, and states as follows:

**I.　　Factual Background.**

On August 7, 2013, Plaintiff filed her Voluntary Petition under Chapter 13 of the Bankruptcy Code. *See,* Doc. 1. On September 10, 2013, Plaintiff filed her Statement of Financial Affairs. *See*, Doc. 17. On Schedule F, Plaintiff listed a debt to Defendant in the amount of $890.99.[1] *Ibid.* On August 14, 2013, Defendant timely filed a Proof of Claim in the

---

[1] While the debtors have indicated the debt is a "joint" obligation on their Schedule F, the exhibits to the Complaint, Defendant's Proof of Claim, and the documentary support for Defendant's Proof of Claim demonstrate that Plaintiff is the sole debtor on the account at issue.

amount of $890.99 and, in compliance with Rule 3001, attached documentation substantiating the debt.  *See*, Doc. 1-1.

On September 27, 2013, Plaintiff filed her "Complaint for, [sic] Equitable Subordination, Injunctive Relief and Damages."  *See,* AP Doc. 1.   In Count I, Plaintiff alleges that Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA") and seeks "statutory damages, [a]ttorney's fees, litigation expenses and costs of suit; and [s]uch other or further relief as the Court deems proper."  In Count II for "Equitable Subordination", Plaintiff alleges "[t]he gross and egregious conduct of AT&T and its agents require the equitable disallowance or subordination and transfer to the estate of AT&T's claim."  *Ibid.* at ¶ 21.  In Count III for "Injunctive Relief", Plaintiff "seeks a permanent injunction prohibiting the Defendant from continuing its violations of the FCCPA."

On October 28, 2013, Defendant filed its Answer and Affirmative Defenses to the Complaint.  *See,* AP Doc. 5.  In that pleading, Defendant asserted an affirmative defense of set off with respect to the debt at issue.  *Ibid.*

On November 15, 2013, Defendant served a Rule 68 Offer of Judgment on Plaintiff. *See,* Exhibit 1. In that Offer of Judgment, Defendant offered, in relevant part, to allow judgment to be taken against it and in favor of Plaintiff in the amount of One Hundred Nine Dollars and 01/100 cent ($109.01) and "an additional amount for reasonable attorney's fees and taxable costs incurred by Plaintiff, in an amount to be determined by the Court if the parties are unable to come to an agreement."  *Ibid.*  Defendant further offered to "refrain from directly or indirectly contacting the Plaintiff with respect to the debt at issue."  *Ibid.*

**II.     Determination of Jurisdiction/Rule 12(b)(1)**

Federal courts must determine that they have jurisdiction before proceeding to the merits. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Courts have an independent obligation to determine whether subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)).

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks," which require a court to evaluate a pleading and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction and "factual attacks," which challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings … are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). The attack in this case is factual, meaning, "in short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The allegation that the Court lacks subject matter jurisdiction is a defense that can never be waived or forfeited. *See, U.S. v. Cotton,* 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

In this matter, Defendant moves for dismissal of the Plaintiff's Complaint, under Rule 12(b)(1), because there is no case or controversy which presently exists between the parties.

Plaintiff has been offered 100% of her claimed damages if violations are proven under the FCCPA, after set off of the amount Plaintiff owes Defendant.  Defendant has also offered injunction relief by stating that it will cease future collection activity on the account at issue. Finally, Plaintiff's Equitable Subordination claim has no merit and as such, cannot create

jurisdiction where no jurisdiction otherwise exists.  Therefore, Plaintiff no longer has an ongoing controversy with the Defendant.  Accordingly, this Court must dismiss the case for lack of subject matter jurisdiction.

### III.   Legal Argument.

#### a.   No case or controversy exists between the parties.

Article III of the United States Constitution limits the judicial authority of the federal court system to "cases and controversies."  *See, Fla. Wildlife Fed'n, Inc., v. South Fla. Water Mgmt. Dist.,* 647 F.3d 1296, 1302 (11th Cir. 2011).  "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." *United States Nat'l Bank of Oregon v. Independent Ins. Agents of America*, 508 U.S. 439, 446 (1993); *citing Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  If a federal court lacks subject matter jurisdiction over a cause of action, the court "shall dismiss the action." Fed. R. Civ. P. 12(h)(3).  The case or controversy requirement continues to exist throughout the entire litigation.  An action that does not present an active case or controversy is moot; and as such, a federal court may not consider or decide the merits of it. *See, e.g., Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329,1332 (11th Cir. 2005); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).  To sustain jurisdiction, "the parties must continue to have a personal stake in the outcome of the lawsuit."  *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990). Additionally, "the plaintiff generally must assert his own legal rights or interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Sims v. State of Fla., Dep't of Highway Safety & Motor Vehicles*, 862 F.2d 1449, 1468 (11th Cir. 1989)(internal quotations omitted).

A Rule 68 offer of judgment for full relief in an FDCPA case will moot the plaintiff's claim and deprive the court of jurisdiction. *See, Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1168 (11th Cir. 2012) *cert. denied*, 133 S. Ct. 2337 (U.S. 2013). As the damages provision of the FCCPA is identical to the FDCPA, the same rationale applies to FCCPA claims.

**b. Defendant's Offer of Judgment satisfies Plaintiff's potential damage claim under the FCCPA should a violation be proven.**

Under the FCCPA, Plaintiff can recover no more than $1,000 in statutory damages per action, regardless of the number of violations proven. *See, Gamboa v. Carruthers*, 8:10-CV-1473-T-24, 2010 WL 4823671 (M.D. Fla. 2010); *Long v. FIA Card Services, N.A.*, 2:12-CV-14-FTM-UA, 2012 WL 2370218 (M.D. Fla. 2012) *report and recommendation adopted,* 2:12-CV-00014-UA-SPC, 2012 WL 2376962 (M.D. Fla. 2012).

Defendant is entitled to set off from Plaintiff's damages claim the amount Plaintiff owes Defendant on the underlying debt. *See, In re Acosta-Garriga,* 8:12-CV-0731-T-23, 2013 WL 3853200 (M.D. Fla. July 1, 2013)(reversing decision of bankruptcy court refusing to set off FCCPA judgment of $1,000, plus attorneys' fees against creditor's claim); *Brook v. Chase Bank (USA), N.A.*, 8:11-CV-00301-MSS, 2012 WL 6053964 (M.D. Fla. 2012)(affirming bankruptcy court's decision to "set off" FCCPA judgment against creditor's judgment in the amount of damages and attorneys' fees on the credit card debt owed by the debtor.)

As detailed *supra*, Plaintiff is seeking the maximum amount of statutory damages for her claims under the FCCPA, as well as attorney's fees and costs. Defendant's Rule 68 Offer of Judgment offers to allow judgment to be taken against it and in favor of Plaintiff in the amount of One Hundred Nine Dollars and 01/100 cent ($109.01) and "an additional amount for reasonable attorney's fees and taxable costs incurred by Plaintiff, in an amount to be determined by the Court if the parties are unable to come to an agreement." *Ibid.* The Defendant's monetary

Case 3:13-ap-00461-JAF    Doc 10    Filed 11/15/13    Page 6 of 9

offer when combined with the amount of the debt ($890.99) totals the maximum amount of statutory damages Plaintiff could possible recover in this matter.[2]  As Defendants additionally agreed to pay reasonable attorney's fees and costs associated with Plaintiff's prosecution of the adversary Complaint, Plaintiff's monetary claims have been fully satisfied.

Under the FCCPA, the Court may provide a prevailing plaintiff "such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part."  *See,* Fla. Stats., § 559.77(2).  In its Offer of Judgment, Defendant has also offered to "refrain from directly or indirectly contacting the Plaintiff with respect to the debt at issue."  As such, Defendant has agreed to equitable relief pursuant to which it would cease collection of the debt at issue.  As such, any injunctive relief to which the Plaintiff would be entitled under the FCCPA is likewise satisfied by Defendant's Offer of Judgment.

### c. Plaintiff's "Equitable Subornation" claim is unsustainable as a matter of law.

In Count II of the Complaint, Plaintiff attempts to assert right of equitable subornation with respect to Defendant's claim.  The Eleventh Circuit has held that:

> [p]roper exercise of the equitable subordination power can take place only where three elements are established:
>
> (1) The claimant must have engaged in some type of inequitable conduct,
> (2) The misconduct must have resulted in injury to the creditors or conferred an unfair advantage on the claimant,
> (3) Subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act.

*Matter of Lemco Gypsum, Inc.*, 911 F.2d 1553, 1556 (11th Cir. 1990)

---

[2] Defendant's compliance with Rule 3001 in filing its Proof of Claim entitles it to a presumption of validity of the debt under Rule 3001(f).  *See, In re Bertelt*, 206 B.R. 587, 594 (Bankr. M.D. Fla. 1996).  Moreover, "an objecting party must come forward with affirmative proof to rebut the presumption." *Id.*, citing *In re Argiannis,* 156 B.R. 683 (Bankr.M.D.Fla. 1983).

In her Complaint, Plaintiff fails to allege that Defendant's alleged conduct "resulted in injury to the creditors or conferred an unfair advantage on [Defendant]."   In fact, the only allegation made by Plaintiff in Count II is that "[t]he gross and egregious willful [sic] conduct of AT&T and its agents require [sic] the equitable disallowance or subordination and transfer to the estate of AT&T's claim."  *See*, AP Doc. 1 at ¶ 21.  Initially, the Complaint contains no facts that would support a legal conclusion that AT&T engaged in "gross and egregious" unlawful conduct.  More importantly, even if Plaintiff were entitled to subordination of Defendant's claim, that claim could "be subordinated only to the extent necessary to offset the harm suffered by the bankrupt and its creditors on account of that conduct."  *Id.*  Plaintiff has not alleged nor could she ever demonstrate that either she or the creditors suffered "harm" due to Defendant's alleged conducted. *See, In re Venice-Oxford Associates Ltd. Partn*., 236 B.R. 814, 820 (Bankr. M.D. Fla. 1998)("even if all of the allegations contained in the Debtor's Complaint are accepted as true for purposes of considering the Motion to Dismiss, the Debtor has failed to demonstrate that either the Debtor or the Debtor's estate suffered any actual injury as a result of any conduct of the Defendants.")

### d. Plaintiff cannot bring a separate claim for "injunctive relief."

In Count III entitled "INJUNCTIVE RELIEF", Plaintiff "seeks a permanent injunction prohibiting the Defendant from continuing its violations of the FCCPA.  Injunctive relief is not an independent cause of action.  This specific issue was addressed by the District Court in *Lee v. Sec. Check, LLC,* 3:09-CV-421-J-12TEM, 2009 WL 3790455 (M.D. Fla. 2009).  In that case, the plaintiff asserted an FDCPA claim and a separate claim for "injunctive relief".  In dismissing the injunctive relief claim, Judge Melton stated:

> With regard to Count I for injunctive relief, such relief is not properly pled as a separate cause of action, but is available only as a part of the relief granted if Plaintiff prevails on another substantive cause of action, either Count II (Defamation) or Count IV (FDCPA), if injunctive relief is permitted under either of those counts under applicable law.

*Id.*, citing *Klay v United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004).

In this case, the FCCPA provide a remedy of injunctive relief, which Plaintiff seeks in Count I.  As such, Plaintiff's separate cause of action in Count III for "Injunctive Relief" is redundant of Count I and is therefore, subject to dismissal.

### e. Plaintiff's acceptance or non-acceptance of the offer is irrelevant.

It is not the acceptance of an offer that triggers mootness, but the making of the offer itself.  *See, Keim*, 2013 WL 3717737, *citing Damasco* 662 F.3d at 895-96.  "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, [] and a plaintiff who refuses to acknowledge this loses outright, under Federal Rule of Civil Procedure 12(b)(1), because he has no remaining stake*." Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)(internal citations omitted); *See also, Alliance to End Repression v. Chicago,* 820 F.2d 873 (7th Cir.1987)*, Zimmerman v. Bell,* 800 F.2d 386, 390 (4th Cir.1986); *Abrams v. Interco Inc.,* 719 F.2d 23, 32-34 (2d Cir.1983); *Spencer-Lugo v. INS,* 548 F.2d 870 (9th Cir.1977).

As such, Plaintiff acceptance or non-acceptance of the Offer of Judgment is irrelevant to the question of jurisdiction.

## IV.   Conclusion.

Defendant has offered Plaintiff all she is entitled to recover in this case. As such, this Court no longer has jurisdiction over this matter and it must be dismissed.

WHEREFORE, Defendant respectfully requests an Order from this Honorable Court dismissing this case for lack of jurisdiction.

Respectfully submitted,

/s/ Dale T. Golden
Dale T. Golden, Esq.
Fla. Bar No.: 0094080
Benjamin W. Raslavich, Esq.
Fla. Bar No.: 0102808
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609
P - (813) 251-5500
F- (813) 251 - 3675
dgolden@gsgfirm.com
braslavich@gsgfirm.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record this 15th day of November, 2013.

/s/ Dale T. Golden
Dale T. Golden, Esq.