# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

    Lee Hunter Thomas                           Case No.: 3:13-bk-04838
    Virginia R. Thomas

                                             Chapter 13

    Debtors.
_____/

Virginia R. Thomas,

                                             Adversary Proceeding No.:   3:13-ap-461

    Plaintiff,

vs.

AT&T Corp.,

    Defendant.
_____/

## MOTION TO STRIKE AFFIRMATIVE DEFENSES
## WITH INCORPORATED MEMORANDUM OF LAW

Virginia R. Thomas, Plaintiff, moves pursuant to R. 12(f), Fed. R. Civ. P., made applicable by R. 7012(b), Fed. R. Bank. P., for entry of an order striking the insufficient affirmative defenses of AT&T Corporation, Defendant, and states:

1.    Ms. Thomas commenced this adversary proceeding on September 27, 2013 with the filing of a complaint which alleges illegal and harassing prepetition debt collection by Defendant and seeks damages and injunctive relief pursuant to the Florida Consumer Collection Practices Act and subordination of Defendant's claim pursuant to 11. U.S.C. §510.

2. Defendant filed on October 28, 2013 its Answer and Affirmative Defenses with Jury Demand, asserting the following five affirmative defenses:

   a. "Plaintiff's Complaint fails to state a claim upon which relief may be granted."

   b. "Any violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendant."

   c. "Plaintiff has suffered no damages as a result of any acts or omissions of Defendants."

   d. "Defendants assert, without admitting any liability whatsoever, that any violation of state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors."

   e. Defendants assert, without admitting any liability whatsoever, that Defendants are entitled to a set-off from any recovery made by the Plaintiff of the debt(s) which the Petitioner has admit is owed to Defendant.

3. An affirmative defense is established when a defendant admits to the essential facts of the complaint, "but sets forth other facts in justification or avoidance." *Al-Rayes v. Willingham* (In re Willingham), 2012 Bankr. LEXIS 2472 (Bankr. M.D. Fla. Jan. 26, 2012) (*quoting Boldstar Technical, L.L.C. v. Home Depot, Inc.,* 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).

4. "A defense that simply points out defects, or flaws, in the complaint is not an affirmative defense." *Willingham*, 2012 Bankr. LEXIS 2472 (*citing Flav-O-Rich, Inc. v. Rawson Food Serv., Inc.* (In re Rawson Food Serv., Inc.), 846 F.2d 1343, 1349 (11th Cir. 1988).

5. "[W]eeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have

no bearing on the outcome." *Willingham*, 2012 Bankr. LEXIS 2472 (*quoting Mark v. Labar*, No. 08-80646-CIV, 2009 U.S. Dist. LEXIS 27951, 2009 WL 909478, at *1 (S.D. Fla. April 1, 2009).

6. A majority of district courts that have considered the issue have determined that the pleading standards set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) should be applicable to affirmative defenses. *Gordon v. Ameriquest Mortg. Corp.* (In re Fischer), 2011 Bankr. LEXIS 1586 at *2 (Bankr. N.D. Ga. Apr. 7, 2011)("The pleading of a defense should provide more than merely the possibility that the defense may exist. Second is the observation that defenses that are simply boilerplate recitations or conclusory allegations clutter the docket and create the need for unnecessary or extended discovery.")

7. An affirmative defense which sets forth conclusory allegations of law without stating any facts in support does not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by R. 7008(a), *Fed. R. Bankr. P.*, and must be stricken. *Aguilar v. City Lights of China Rest., Inc.*, 2011 U.S. Dist. LEXIS 122531 (D. Md. Oct. 24, 2011).

8. Defendant's affirmative defenses one through three are nothing but legal conclusions without supporting facts, while defenses 4 and 5 couple such unsupported conclusions with a refusal to admit the essential facts of the Complaint. These defenses do nothing to advance the litigation, and must be stricken in order to permit full and fair discovery and trial of only the facts relevant to Ms. Thomas' claims in the Complaint.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order striking affirmative defenses one through five, and granting such other and further relief as is just.

/s/ Wendell Finner
**Wendell Finner** – Florida Bar No. 93882
wendell@beacheslaw.com
**Ryan G. Moore** – Florida Bar No. 70038
ryan@beacheslaw.com
WENDELL FINNER, P.A.
340 Third Avenue South, Suite A
Jacksonville, FL 32250-6767
Tel.: 904-242-7070; Fax 904-242-7054
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Dale T. Golden, counsel to Defendant, 201 North Armenia Ave., Tampa, FL 33609 by email through the CM/ECF system this 18th day of November, 2013.

/s/ Wendell Finner