## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

|  |  |
|---|---|
| Lee Hunter Thomas<br>Virginia R. Thomas | Case No.: 3:13-bk-04838 |
|  | Chapter 13 |
| Debtors. |  |

_____/

Virginia R. Thomas,

     Plaintiff,                           Adversary Proceeding No.: 3:13-ap-461

vs.

AT&T Corp.,
     Serve on:
     C T Corporation System
     1200 South Pine Island Road
     Plantation, FL 33324

     Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF JURISDICTION AND MEMORANDUM OF LAW

COMES NOW the Plaintiff, Virginia R. Thomas, by and through undersigned counsel, and pursuant to Local Rule 3.01(b) hereby responds to the Defendant's Motion to Dismiss for Lack of Jurisdiction and Memorandum of Law pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Motion to Dismiss").  Defendant's Motion to Dismiss mischaracterizes the status of proceedings and falsely claims that Defendant has offered Ms. Thomas all she can get if she prevails in this adversary proceeding.  The Motion to Dismiss is baseless and must be denied.

## I.    Introduction

On August 7, 2013 Plaintiff filed Plaintiff's Voluntary Petition under Chapter 13 of the Bankruptcy Code.  <u>See</u>, Doc. 1.  On September 17, 2013 Plaintiff filed Schedules A-J. <u>See</u>, Doc. 17.  Plaintiff listed Defendant, AT&T Corp., as an unsecured creditor of a disputed claim in the amount of $890.99.  <u>Ibid.</u>  On August 14, 2013 AT&T filed a Proof of Claim in the amount of $890.99.  <u>See</u>, Doc 1-1.

Ms. Thomas commenced this adversary proceeding on September 27, 2013 alleging illegal and harassing prepetition debt collection by AT&T seeking damages and injunctive relief pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA") and subordination of Defendant's claim pursuant to 11 U.S.C. § 510.  <u>See</u>, AP Doc. 1.

## II.    Motion to Dismiss/Rule 68

AT&T has moved for dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(1) asserting that Plaintiff has been offered 100% of her claimed damages and "that Defendant has also offered injunction [sic] relief by stating that it will cease all future collection activity on the account."  AP Doc. 10, Page 3.

AT&T's Offer of Judgment has not deprived the Court of subject matter jurisdiction.

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation." <u>Marek v. Chesny</u>, 473 U.S. 1, 5 (U.S. 1985).  Rule 68 "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits."  <u>Id.</u>  Unlike traditional settlement negotiations in which

a plaintiff may seek clarification or make a counteroffer, a Plaintiff faced with an Offer of Judgment pursuant to Rule 68 may only accept or refuse.  Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1240 (11th Cir. Ala. 2002).  AT&T cannot invoke Rule 68 when it presents Ms. Thomas with an ambiguous offer of judgment "because the offeree must know what is being offered in order to be responsible for refusing the offer."  Arkla Energy Resources v. Roye Realty & Dev., 9 F.3d 855, 867 (10th Cir. Okla. 1993).  Because a Rule 68 offeree is at the mercy of the offeror's choice of language, "the plaintiff should not be left in the position of guessing what a court will later hold the offer means."  Id. at 1244.

### III.    Memorandum

### a.    The Offer of Judgment does not moot Plaintiff's Claims.

In support of the Motion to Dismiss AT&T mis-cites Zinni v. ER Solutions, Inc., 692 F.3d 1162 (11th Cir. 2012) cert. denied, 133 S. Ct. 2337 (U.S. 2013).  The court in Zinni actually stated that "[w]e need not decide whether an offer for full relief, even if rejected, would be enough to moot a plaintiff's claims."  Id. at 1167.  The Court in Zinni did not have to actually address the issue of whether an offer for full relief would moot a plaintiff's claims because the defendant in Zinni did not offer the full relief requested. The Court in Zinni then noted that different courts have come to different conclusions regarding whether or not an offer of judgment for full relief would moot a Plaintiff's claim.  Id.

Furthermore, AT&T claims that "[a]s the damages provision of the FCCPA is identical to the FDCPA, the same rationale applies to FCCPA claims."  AP Doc. 10.

Both the FCCPA, Fla. Stat. § 559.77, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k ("FDCPA"), provide for statutory damages of $1,000.00. The FCCPA, in contrast to the FDCPA, however, provides for punitive damages as well as injunctive relief. The damages provision of the FCCPA is substantially different from the damages provision of the FDCPA. As a result, an offer of judgment for full relief under the FDCPA is not full relief under the FCCPA.

   **b.      AT&T does not offer full relief.**

   Pursuant to Fla. Stat. § 559.77 a court "may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part." Plaintiff has alleged that AT&T violated the FCCPA, Fla. Stat. §§§ 559.72(6), (7) and (18), and seeks "a permanent injunction prohibiting the Defendant from continuing its violations of the FCCPA."

   The FCCPA, Fla. Stat. § 559.72(6) states that in collecting consumer debts, no person shall "[d]isclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact." Ms. Thomas has alleged that Ms. Thomas disputed the alleged debt to AT&T and that AT&T continued to disclose information regarding the alleged debt to third parties, including I.C. System, without disclosing the fact that Ms. Thomas disputed the alleged debt. AP Doc. 1 ¶15. The Offer of Judgment does not stop AT&T from disclosing information regarding the alleged debt without disclosing that Ms. Thomas' dispute of the alleged debt.

   The FCCPA, Fla. Stat. § 559.72(18) states in part that in collecting consumer debts, no person shall "[c]ommunicate with a debtor if the person knows that the debtor is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." Ms. Thomas informed AT&T that she was represented by an attorney with regard to all debts and claims that AT&T may have had against her. See, AP Doc. 1 ¶ 8. AT&T merely offers to "refrain from directly or indirectly contacting the Plaintiff *with respect to the debt at issue*." *Emphasis added*. Exhibit 1 to AP Doc. 10 ¶ 3. This offer, thus limited, provides less than the no contact injunction sought by Ms. Thomas.

Because the Offer of Judgment is not for the full relief requested, the issue of Ms. Thomas' entitlement to injunctive relief from AT&T's illegal and harassing conduct remains at issue, and the Court has jurisdiction. See Zinni at 1167-1168.

## IV.   Conclusion

Even if AT&T had offered Plaintiff full relief Plaintiff's claims would not be mooted. However, because AT&T's Offer of Judgment is ambiguous and has failed to offer Ms. Thomas the injunctive relief that she is seeking, the Court retains jurisdiction and this action should proceed.

WHEREFORE, Plaintiff, VIRGINIA R. THOMAS, moves for entry of an Order denying Defendant's Motion to Dismiss for Lack of Jurisdiction and Memorandum of Law and granting such other and further relief as the Court deems proper.

**/s/ Ryan G. Moore**
**Wendell Finner** – Florida Bar No. 93882
wendell@beacheslaw.com
**Ryan G. Moore** – Florida Bar No. 70038
ryan@beacheslaw.com
WENDELL FINNER, P.A.
340 Third Avenue South, Suite A
Jacksonville, FL 32250-6767

Tel.: 904-242-7070; Fax 904-242-7054
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon Dale T. Golden, counsel to Defendant, 201 North Armenia Ave., Tampa, FL 33609 by email through the CM/ECF system this 12th day of December, 2013.

/s/ Ryan G. Moore
Ryan G. Moore