IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

    Lee Hunter Thomas                       Case No.: 3:13-bk-04838
    Virginia R. Thomas

                                               Chapter 13

    Debtors.
_____/

Virginia R. Thomas,

                                               Adversary Proceeding No.: 3:13-ap-461

    Plaintiff,

vs.

AT&T Corp.,
    Serve on:
    C T Corporation System
    1200 South Pine Island Road
    Plantation, FL 33324

    Defendant.
_____/

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND MEMORANDUM OF LAW IN SUPPORT**

**I.    INTRODUCTION**

COMES NOW the Plaintiff, VIRGINIA R. THOMAS, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15 hereby seeks leave of Court to file Plaintiff's First Amended Complaint for Equitable Subordination, Injunctive Relief and Damages (the "Amended Complaint"), in the form attached hereto. In support thereof, Plaintiff would state as follows:

On September 27, 2013 Plaintiff filed Plaintiff's Complaint for Equitable Subordination, Injunctive Relief and Damages (the "Original Complaint") alleging that Defendant, AT&T CORP. ("AT&T"), violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), in AT&T's prepetition attempts to collect an alleged debt from Ms. Thomas. The Original Complaint failed to include claims for actual damages suffered by Ms. Thomas as a result of AT&T's violations of the FCCPA and Ms. Thomas seeks leave to amend the Original Complaint to include those claims.

## II.   MEMORANDUM

### A.   Leave to Amend Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure states in part that "[t]he court should freely give leave" to amend "when justice so requires." The U.S. Supreme Court has stated that while "the grant or denial of an opportunity to amend is within the discretion of the District Court" Rule 15's declaration that leave to amend shall be freely given must be heeded. Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962). Consequently, in the absence of any apparent or declared reason leave to amend shall be freely given. Id.

"As a result, the Court must provide substantial justification if it denies a timely filed motion for leave to amend." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1318 (M.D. Fla. 2010) (citing to Laurie v. Ala. Court of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2011)). The Supreme Court has indicated that "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving

party, or (3) the amendment would be futile." Taylor v. Florida State Fair Auth., 875 F. Supp. 812, 814 (M.D. Fla. 1995) (citing Foman, 317 U.S. at 182). In the case at hand, AT&T would not be prejudiced by the amendment to the Original Complaint, there has been no bad faith or undue delay on Plaintiff's part and the amendment would not be futile.

### B.     The Amendment would not be prejudicial to AT&T

"Leave to amend should be denied if granting the amendment would be unduly prejudicial to the non-moving party." Gropp v. United Airlines, 847 F. Supp. 941, 946 (M.D. Fla. 1994). The Plaintiff filed the Original Complaint on September 27, 2013. On October 28, 2013 AT&T filed AT&T's Answer and Affirmative Defenses to Complaint. [DE # 25]. On November 18, 2013 the Parties attended a status conference which was continued until January 13, 2014. [DE # 12]. At this time the Parties have not engaged in any discovery and this case is at a very early stage of litigation.

The Amended Complaint does not introduce any new facts which would require a reevaluation of this case by the Defendant. The Plaintiff is only seeking to amend to include a claim for actual damages based on the same alleged violations of the FCCPA by AT&T which Plaintiff asserts in the Original entitle Plaintiff to statutory damages. Given the liberal standard allowing a party to amend as stated in the Federal Rules of Civil Procedure, the early stage of litigation which the Parties find themselves in and the fact that Plaintiff is not seeking to introduce any new facts into this case there is clearly no prejudice to AT&T which would occur as a result of the amendment.

### C. There has been no Bad Faith or Undue Delay on Plaintiff's part

"Although delay itself is an insufficient ground to deny amendment, if the delay is 'undue,' the district court may refuse to permit amendment." Id. at 945 (citing to Foman, 371 U.S. at 182, 83 S. Ct. at 230; Datascope Corp. v. Smec, Inc. 962 F.2d 1043, 1045 (Fed. Cir. 1992)). Plaintiff is attempting to amend Plaintiff's Complaint only a few months after the Original Complaint was filed and there has been no discovery or any other substantial litigation other than the continuance of a pretrial conference, which can hardly be described as a delay, let alone an undue delay.

Even if Plaintiff's actions constituted undue delay, however, the Defendant cannot allege any prejudice resulting from the delay. "It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." Taylor v. Florida State Fair Auth., 875 F. Supp. 812, 815 (M.D. Fla. 1995) (citing Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981). Similarly to Taylor, this case is still in the early stages of litigation, discovery has not begun, the amendment will not require the gathering and analysis of facts not already considered by AT&T and it cannot be said that any delay by the Plaintiff in bringing this Motion would cause any real prejudice to AT&T.

Furthermore, there has been no bad faith on Plaintiff's part. Plaintiff's claims arise out of AT&T's alleged violations of the FCCPA in attempting to collect an alleged debt from Ms. Thomas. The FCCPA, Fla. Stat. § 559.77 states in part that "[a]ny person

who fails to comply with any provision of" the FCCPA "is liable for actual damages and for additional statutory damages as the court may allow." The Amended Complaint contains no additional factual assertions by the Plaintiff but only seeks to amend the Original Complaint to assert a claim for actual damages which arise from the same facts.

A party has "the right to amend in an attempt to present to the Court their most meritable claims." Gropp v. United Airlines, 847 F. Supp. 941, 946 (M.D. Fla. 1994). Ms. Thomas believes that Ms. Thomas has valid claims for actual damages under the FCCPA and is only seeking to add those claims in an effort to present to the Court all of Ms. Thomas' claims for damages.

**D.    The Amendment would not be Futile**

"[L]eave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivoulous on its face." Taylor v. Florida State Fair Auth., 875 F. Supp. 812, 815 (M.D. Fla. 1995) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). The only proposed amendment to the original Complaint is an attempt to include a claim for actual damages based on AT&T's violations of the FCCPA. There is nothing frivolous about including claims for additional damages which Ms. Thomas is statutorily entitled to. Furthermore, Ms. Thomas' claims for actual damages are based upon the same set of facts upon which Ms. Thomas is entitled to statutory damages which were clearly pled in the Original Complaint.

AT&T filed Defendant's Motion to Dismiss for Lack of Jurisdiction and Memorandum of Law ("Motion to Dismiss") on November 15, 2013. [DE # 10]. The

crux of Defendant's Motion to Dismiss is that on the same day that Defendant filed the Motion to Dismiss Defendant served a Rule 68 Offer of Judgment (the "Offer of Judgment"). [DE # 10].[1] Defendant also asserts that "Defendant has offered Plaintiff all she is entitled to recover in this case" and as a result Plaintiff's claims are moot. [DE # 10].

The Motion to Dismiss states that "Plaintiff has been offered 100% of her claimed damages" and that "Defendant has also offered injunction relief by stating that it will cease future collection activity on the account at issue." [DE # 10 at ¶ II]. Defendant correctly states that on Schedule F of Plaintiff's voluntary petition under Chapter 13 Plaintiff listed AT&T as a creditor in the amount of $890.99. Defendant falsely states that on August 14, 2013 "Defendant filed a proof of claim in the amount of $890.99 and, in compliance with Rule 3001, attached documentation substantiating the debt." The docket does not reflect the entry of any proof of claim filed by AT&T and Plaintiff has not been served with any proof of claim by AT&T. Defendant also fails to note that Plaintiff listed the alleged debt on Plaintiff's voluntary petition as "disputed."

Defendant disingenuously claims that the United States Court of Appeals for the Eleventh Circuit stated that "[a] Rule 68 offer of judgment for full relief in an FDCPA case will moot the plaintiff's claim and deprive the court of jurisdiction" in the case of Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1168 (11th Cir. 2012) *cert. denied*, 133 S. Ct. 2337 (U.S. 2013). [DE # 10 at ¶ III a]. The Court in Zinni actually stated that "[w]e need not decide whether an offer for full relief, even if rejected, would be enough to moot a

---

[1] Plaintiff has not yet filed a response to the Motion to Dismiss. Plaintiff will further detail Plaintiff's opposition to the Motion to Dismiss in Plaintiff's response.

plaintiff's claims." Id. at 1167. The Court in Zinni then noted that different courts have come to different conclusions regarding whether or not an offer of judgment for full relief would moot a plaintiff's claim. Id.

AT&T has not, and cannot, offer Plaintiff "full relief" as Plaintiff disputes owing AT&T any debt whatsoever and AT&T has not established that Plaintiff owes AT&T any debt at all. The Offer of Judgment entitles AT&T to a set off for an alleged debt which Plaintiff disputes owing and which Defendant has not proven Plaintiff has any liability for. Furthermore, even if AT&T were able to establish that Plaintiff actually owed AT&T any debt AT&T's Offer of Judgment fails to provide Plaintiff the full relief that Plaintiff is seeking.

In the Original Complaint Plaintiff requests that the Court enter judgment "[d]eclaring that the Defendant's practices violated the FCCPA." The Offer of Judgment that "Defendant denies any wrongdoing or violation of state or federal laws." The Defendant's Offer of Judgment does not provide Plaintiff with the full relief that Plaintiff is seeking.

As Plaintiff's claim is not moot and the Amended Complaint is not insufficient or frivolous on its face the proposed amendment would not be futile and Plaintiff should be permitted to amend the Original Complaint.

### III. CONCLUSION

Undersigned counsel hereby certifies that undersigned counsel has conferred with opposing counsel who opposes the relief sought by this Motion.

WHEREFORE, Plaintiff, VIRGINIA R. THOMAS, moves for entry of an Order granting leave to file the Amended Complaint, that the attached proposed form stand as the Plaintiff's First Amended Complaint for Equitable Subordination, Injunctive Relief and Damages, and such other and further relief as the Court deems just and proper.

/s/ Ryan G. Moore
**Wendell Finner** – Florida Bar No. 93882
wendell@beacheslaw.com
**Ryan G. Moore** – Florida Bar No. 70038
ryan@beacheslaw.com
WENDELL FINNER, P.A.
340 Third Avenue South, Suite A
Jacksonville, FL 32250-6767
Tel.: 904-242-7070; Fax 904-242-7054
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon Dale T. Golden, counsel to Defendant, 201 North Armenia Ave., Tampa, FL 33609 by email through the CM/ECF system this 6th day of January, 2014.

/s/ Ryan G. Moore
Ryan G. Moore