UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

LEE HUNTER THOMAS
And VIRGINIA R. THOMAS,

    Debtors.
_____/

VIRGINIA R. THOMAS,

    Plaintiff,

v.

AT&T CORP.,

    Defendant.
_____/

CASE NO.: 3:13-bk-4838

CHAPTER 13

ADV. NO.: 13-ap-461

## ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS

This proceeding came before the Court upon Defendant's[1] Motion to Dismiss for Lack of Jurisdiction and Memorandum of Law (Doc. 10) (the "Motion to Dismiss") and Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Jurisdiction and Memorandum of Law (Doc. 18) (the "Response"). Upon a review of the Motion to Dismiss and the Response, the Court finds it appropriate to deny in part and grant in part the Motion to Dismiss.

### Background

On August 7, 2013, Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On August 14, 2013, Defendant filed a proof of claim in the amount of $890.99. On September 10, 2013, Plaintiff filed her bankruptcy schedules. On Schedule F, Plaintiff listed a debt to Defendant in the amount of $890.99. Plaintiff indicated the debt is disputed.

---

[1] The Motion to Dismiss was filed by BellSouth Telecommunications, Inc. who asserts that it was incorrectly named as AT&T Corp. in the Complaint.

On September 27, 2013, Plaintiff filed a complaint, commencing this adversary proceeding. The Complaint makes the following allegations. On October 5, 2012, Plaintiff, through counsel, sent a letter by facsimile to Defendant advising it that she was represented by an attorney with regard to all accounts owned or serviced by Defendant and requested that Defendant cease all direct contact with her. (Doc. 1, ¶ 8). The letter placed Defendant on notice that Plaintiff disputed the alleged debt. (Doc. 1, ¶ 9). Defendant is party to an agreement or contract with I.C. System, Inc. ("I.C. System") by which it hires or instructs I.C. System to collect consumer accounts on its behalf. (Doc. 1, ¶ 10). Defendant provides I.C. System or I.C. System's computer system information regarding a consumer's account, including the consumer's name, address, telephone number, social security number, and the amount of the debt, but does not include information about whether a consumer is represented by an attorney. (Doc. 1, ¶ 12). Subsequent to the October 5, 2012 letter from Plaintiff to Defendant, Defendant assigned to I.C. System the right to bill and collect the alleged debt from Plaintiff on behalf of Defendant with the express intent that I.C. System engage in collection activity which Defendant could not legally take itself. (Doc. 1, ¶ 13). On March 1, 2013 and April 5, 2013, Defendant through I.C. System sent two collection letters to Plaintiff. (Doc. 1, ¶ 14). Defendant continued to disclose information regarding the alleged debt to third parties, including I.C. System, without disclosing that Plaintiff disputed the alleged debt. (Doc. 1, ¶ 15).

Count I of the Complaint alleges that Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559, et seq. (the "FCCPA") and seeks statutory damages

and attorney's fees and costs.[2] Count II of the Complaint seeks the equitable disallowance or subordination and transfer to the estate of Defendant's claim. Count III seeks a permanent injunction prohibiting Defendant from "continuing its violations of the FCCPA."

On October 28, 2013, Defendant filed its Answer and Affirmative Defenses to the Complaint. Therein, Defendant asserted an affirmative defense of set off with respect to the debt at issue.

On November 15, 2013, Defendant served a Rule 68 Offer of Judgment on Plaintiff (the "Offer of Judgment"). Defendant offered to allow judgment to be taken against it and in favor of Plaintiff in the amount of $109.01 and "an additional amount for reasonable attorney's fees and taxable costs incurred by Plaintiff, in an amount to be determined by the Court if the parties are unable to come to an agreement." Defendant also offered to "refrain from directly or indirectly

---

[2] Specifically, the Complaint alleges that Defendant violated subsections 6, 7, and 18 of the FCCPA which provide:

> In collecting consumer debts, no person shall:
>
> (6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made before such dispute has been asserted and written notice is received from the debtor that any part of the debt is disputed, and if such dispute is reasonable, the person who made the original disclosure must reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days.
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can
> reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.
>
> Fla. Stat. § 559.72.

3

contacting Plaintiff with respect to the debt at issue." On that same day, Defendant filed the Motion to Dismiss. On December 12, 2013, Plaintiff filed the Response.

**Discussion**

Count I

Defendant seeks dismissal of the case and argues that Plaintiff has been offered: 1) 100% of her statutory damages if violations are proven under the FCCPA, after set off of the amount Plaintiff owes Defendant; 2) reasonable attorney's fees and costs; and 3) injunctive relief. Accordingly, Defendant argues that no case or controversy exists and the case must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. In the Response Plaintiff argues that the Offer of Judgment does not moot Plaintiff's claims because it does not offer full relief since it does not enjoin Defendant from disclosing information regarding the alleged debt without disclosing Defendant's dispute of the alleged debt. Plaintiff also argues that she informed Defendant that she was represented by an attorney with regard to all debts and claims it may have had against her and Defendant's offer to "refrain from directly or indirectly contacting [her] with respect to the debt at issue" provides less than the no contact injunction she seeks.

An attack on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may be a "facial attack" or a "factual attack." Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A "facial attack" on subject matter jurisdiction requires only that a court ensure that a plaintiff has sufficiently alleged a basis of subject matter jurisdiction, taking as true the allegations in the complaint for the purposes of the motion. Id. (citations omitted). A "factual attack" on subject matter jurisdiction challenges the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside of the pleadings . . . are considered." Id.

4

Federal courts are limited by Article III of the United States Constitution to deciding "cases and controversies." Fla. Wildlife Fed'n, Inc. v. South Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011). This limitation prevents federal courts from exercising jurisdiction over cases where the parties lack standing or where the issue in controversy has become moot. Id. The mootness doctrine is derived from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy. Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001). A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in the outcome, or the case no longer presents a controversy to which the court could provide meaningful relief. Id. A Rule 68 Offer of Judgment for full relief in a FCCPA case moots the plaintiff's claim and deprives the court of jurisdiction. Delgado v. Collecto, Inc., No. 8:13-cv-2511-T-33TBM, 2013 WL 6332748 at *3 (M.D. Fla. Dec. 5, 2013).

Under the FCCPA, a plaintiff can recover no more than $1,000.00 in statutory damages per action, regardless of the number of violations proven. Fla. Stat. § 559.77. Defendant is entitled to set off from Plaintiff's damages the amount Plaintiff owes Defendant on the underlying debt. Assuming that she is seeking the maximum statutory damages to which she is entitled, Plaintiff's statutory damages would be $1,000.00. Defendant's monetary offer of $109.01 combined with the $890.99 debt, which Plaintiff owes to Defendant[3], totals $1,000.00. While that amount totals the maximum amount of statutory damages Plaintiff could possibly recover in this matter, the Court finds that Plaintiff's monetary claims have nonetheless not been fully satisfied. Plaintiff is a Chapter 13 Debtor whose plan provides for payments to be

---

[3] Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim executed and filed in accordance with the bankruptcy rules constitutes prima facie evidence of the validity and amount of the claim. An objecting party must produce evidence "equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. In re Winn Dixie Stores, Inc., 418 B.R. 475, 476 (Bankr. M.D. Fla. 2009).

5

distributed pro rata to the unsecured creditors. To the extent Defendant is not expressly precluded from sharing in that pro rata distribution, Defendant would receive more than what it is owed. It would receive full payment by having its statutory damages to Plaintiff reduced by the entire amount it is owed. Consequently, any subsequent pro rata distribution would permit it to collect more than what it was owed. Plaintiff could later object to the proof of claim on the basis that the debt was extinguished by acceptance of the offer. However, the requirement of affirmative action on the part of Plaintiff and the potential accompanying additional attorney's fees places a burden, however seemingly minor, on Plaintiff. The Court finds that because the Offer of Judgment does not include a provision requiring Defendant to withdraw its proof of claim in the Chapter 13 case upon Plaintiff's acceptance of the offer, it does not offer full relief as to Plaintiff's monetary claim. Having found that the Offer of Judgment does not fully satisfy Plaintiff's monetary claim, the Court need not address whether the Offer of Judgment offers full relief with respect to the injunctive relief sought. The Offer of Judgment does not moot Plaintiff's FCCPA claim and does not deprive the Court of jurisdiction. The Court will not dismiss Count I of the Complaint.

Counts II and III

Defendant seeks to have Count II dismissed on the basis that the Complaint contains no facts that would support a legal conclusion that Defendant engaged in "gross or egregious" unlawful conduct. Defendant also contends that even if Plaintiff were entitled to subordination of Defendant's claim, the claim could only be subordinated to the extent necessary to offset the harm suffered by Plaintiff and her creditors on account of that conduct. Defendant points out that Plaintiff has not alleged that either she or the creditors suffered harm due to Defendant's alleged conduct. As to Count III, Defendant asserts that injunctive relief is not a separate cause

of action, is redundant of Count I, and should be dismissed. Initially, the Court notes that Plaintiff does not indicate in the Response that she opposes the dismissal of Counts II and III of the Complaint. Accordingly, pursuant to its Standing Order[4], the Court deems the Motion to Dismiss as to Counts II and III unopposed and therefore consented to. Even if it did not, however, the Court would find Defendant's arguments as to Counts II and III meritorious and dismiss those counts. Accordingly, the Court will dismiss Counts II and III of the Complaint. Upon the foregoing, it is

**ORDERED:**

1. Motion to Dismiss is granted in part and denied in part.

2. Defendant's Motion to Dismiss Count I of the Complaint is denied.

3. Defendant's Motion to Dismiss Counts II and III of the Complaint is granted.

4. Counts II and III of the Complaint are dismissed.

**DATED** this 25 day of March, 2014 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

---

[4] On September 30, 2013 the Court entered Order as to Preparation, Service and Return of Process and Establishing Motion Hearing Procedures (the "Standing Order"). Paragraph 5 of the Standing Order provided that "[a]ll written motions filed in this proceeding (including motions for summary judgment, but excluding motions to withdraw the reference as to which Local Rule 5011-1 applies) will be heard and determined on the papers without hearing or oral argument unless specifically ordered by the Court. Paragraph 5(b) of the Standing Order provided that "[n]o later than fourteen (14) days from the date of service of a motion, each party opposing the motion shall file and serve a legal memorandum or brief containing argument and citations of authorities in opposition to the relief requested. In the event no such response is filed, the court may deem the motion as unopposed and thereby consented. The parties should not expect the Court to conduct a hearing prior to ruling on any pending motions."